IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-30041 |
| ) | |
| MILTON JONES, ) | |
| ) | |
| Defendant. ) | |

## OPINION

RICHARD MILLS, U. S. District Judge:

The Court now considers Defendant Milton Jones' objections to his Presentence Investigation Report.

## FACTS

The Defendant has pled guilty to being a felon in possession of a firearm and of illegally possessing a sawed-off shotgun. See 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d), respectively.  A Presentence Investigation Report ("PSR") was duly prepared by the United States Probation Department.  Paragraph 20 of the PSR assesses a two-point enhancement for a "destructive device."  Paragraph 84 includes those

1

two-points in the calculation of the Defendant's total offense level.

The Defendant filed a sentencing commentary objecting to the assessment and inclusion of the two-point enhancement in ¶¶ 20 and 84. The Court denies those objections for the reasons that follow.

## ANALYSIS

The Seventh Circuit Court of Appeals has not decided whether a two-point "destructive device" enhancement is applicable to an offense involving a sawed-off shotgun. However, in <u>United States v. Rohwedder</u>, 243 F.3d 423 (2005), the Eighth Circuit determined that such an enhancement was appropriate under U.S.S.G. 2K2.1. Furthermore, in <u>United States v. Henry and Cardona</u>, 2005 WL 1663529 (July 18, 2005), the Fifth Circuit ruled that a sawed-off shotgun could be a "destructive device." Thus, the Fifth Circuit held that a two-point enhancement could be applied when a defendant possesses a sawed-off shotgun. Such an enhancement is not double-counting.

This Court is persuaded that the Fifth and Eighth Circuit's reasoning is sound. Accordingly, it finds that a two-point enhancement was properly given in ¶ 20 of the PSR and correctly included in ¶ 84's

calculation of the Defendant's total offense level.  Therefore, the Defendant's objections to ¶¶ 20 and 84 are DENIED .  Accordingly, the Court finds that the Defendant has a total adjusted offense level of 27 and has a criminal history score of 4 points.  This results in an advisory sentencing range of 87-108 months in prison.  However, because the Defendant has cooperated with the Government, the Court sentences the Defendant to 66 months in prison (to run concurrently on Counts 1 and 2); 3 years supervised release (to run concurrently on Counts 1 and 2); and a $200.00 special assessment.

Ergo, the Defendant's Objections to the PSR are DENIED.  The Court sentences the Defendant to 66 months in prison (to run concurrently on Counts 1 and 2); 3 years supervised release (to run concurrently on Counts 1 and 2); and a $200.00 special assessment.

IT IS SO ORDERED.

ENTER:  August 25, 2005

FOR THE COURT:                                          s/ Richard Mills
                                                        United States District Judge